IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BENNY RAY KING,                    )
                                    )
         Petitioner,                )
                                    )
v.                                  )     Civil Action No. 2:11cv186-MEF
                                    )                (WO)
UNITED STATES OF AMERICA,           )
                                    )
         Respondent.                )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on an amended motion for relief under 28 U.S.C. § 2255.

**I.   BACKGROUND**

On April 14, 2005, the petitioner, Benny Ray King ("King") pled guilty to two counts of aiding and abetting bank fraud, in violation of 18 U.S.C. §§ 1344 & 2. Following a sentencing hearing on June 27, 2005, the court sentenced King to 21 months in prison, to be served consecutively to the state court sentences King was serving. The court entered its judgment on June 29, 2005. King did not take a direct appeal.

On March 14, 2011, King filed a *pro se* pleading, construed by this court as a motion for relief under 28 U.S.C. § 2255, in which he argues that his 2005 federal bank fraud convictions violate the prohibition against double jeopardy because, he says, they are based on the same conduct forming the basis of his conviction in state court in 2004 on charges of second-degree possession of a forged instrument and first-degree theft of property.  Doc.

No. 1 at 2-7.[1]  Before responsive pleadings were filed, King amended his § 2255 motion to add claims that (1) his trial counsel was ineffective for allowing him to plead guilty to the federal bank fraud charges when his convictions violated double jeopardy and (2) his federal sentence should be recalculated, because on March 3, 2011 (only eleven days before he filed his § 2255 motion), a 1997 state felony conviction that was considered in his sentencing guidelines calculation was "reduced" to a misdemeanor.  Doc. No. 4 at 2-6.

The Government answers that King's claims are without merit and that his § 2255 motion was filed after expiration of the applicable one-year limitation period.  *See* Doc. Nos. 13 & 18.  Based on review of the parties' submissions, the record, and the applicable law, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, King's § 2255 motion should be denied.

## II.  DISCUSSION

### A.  One-year Limitation Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for § 2255 motions.  *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  Specifically, § 2255 provides that the one-year limitation period shall run from the latest of–

>  (1) the date on which the judgment of conviction becomes final;

---

[1] Unless otherwise indicated, references to document numbers are to those assigned by the Clerk to pleadings docketed in this action.  Page references are to those assigned by CM/ECF.

>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

King was convicted of two counts of federal bank fraud pursuant to a guilty plea entered on April 14, 2005. *See* Criminal Case No. 2:04cr89-MEF. He was sentenced on June 27, 2005. Judgment was entered by the court on June 29, 2005. King did not file a direct appeal. Therefore, his conviction became final, and the § 2255(f) limitation period began to run, on July 11, 2005 (the first business day after July 9, 2005), upon expiration of the time for him to file a direct appeal.[2] For purposes of § 2255(f)(1), then, King had until July 11, 2006, to file a timely § 2255 motion. His § 2255 motion, however, was not filed until March 14, 2011. Consequently, his motion is time-barred unless the limitation period in his case began to run at a date later than July 11, 2005, under either a provision of

---

[2] When the district court's judgment was entered in King's case, Fed.R.App.P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within 14 days after entry of the district court's judgment.

3

§ 2255(f)(2)-(4) or equitable tolling of the limitation period.

As for the alternative commencement dates provided for in § 2255(f)(2)-(4), King does not contend that he was prevented from filing his § 2255 motion by some unconstitutional impediment. *See* § 2255(f)(2). Nor does he present a claim that involves a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* § 2255(f)(3). King does, however, appear to assert as a recently discovered "fact supporting his claim or claims presented," *see* § 2255(f)(4), the state court's March 2011 order reducing his 1997 conviction from a felony to a misdemeanor. King's pleadings indicate that on March 3, 2011, the state court granted an Ala.R.Crim.P. 32 petition filed by King, amended a felony third-degree theft of property charge of which King was convicted in 1997 to a reduced charge of misdemeanor second-degree theft, accepted King's guilty plea to the reduced charge, and granted King credit for time served on his sentence. *See, e.g.*, Doc. No. 24, "Exhibit B."

The Eleventh Circuit has recognized the vacatur of a prior state conviction as a "fact" that can be considered for purposes of extending the limitation period under § 2255(f)(4). *Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir. 2005). However, a § 2255 petitioner seeking to extend the limitation period on this basis must also demonstrate that he exercised due diligence in *seeking* vacatur of the state court conviction. *Id*. King makes no attempt to establish his due diligence in seeking to have his 1997 state felony conviction reduced to a misdemeanor. For instance, it is not even apparent from King's pleadings when he filed

4

the state Rule 32 petition that resulted in the vacatur of his 1997 conviction. Consequently, the court finds that § 2255(f)(4) does not operate to extend the limitation period in King's case.

King also had not argued that equitable tolling should be applied to extend the limitation period in his case. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Under the circumstances, this court concludes that all of King's claims – his double jeopardy claim, his ineffective assistance of counsel claim, and his claim of sentencing error – are time-barred by the one-year limitation period of § 2255(f).[3]

### B. Applicability of *United States v. Walker* and Other Eleventh Circuit Law to Sentencing-error Claim

Citing *United States v. Walker*, 198 F.3d 811 (11th Cir. 2000), King argues that this court should reopen and reduce his federal sentence because his 1997 felony conviction that was "reduced" by the state court in March 2011 to a misdemeanor was considered as a felony conviction in the sentencing guidelines calculation for his 2005 federal bank fraud convictions. Doc. No. 4 at 2-3. In *Walker*, the Eleventh Circuit held that, pursuant to

---

[3] King's double jeopardy claim is meritless. His federal bank fraud convictions were clearly based on facts and conduct different from those forming the basis of his 2004 state court convictions for second-degree possession of a forged instrument and first-degree theft of property. Moreover, even if his federal and state prosecutions were based on the same underlying conduct, offenses charged by different sovereigns are different for double jeopardy purposes. *Heath v. Alabama*, 474 U.S. 82 (1985); *see also, e.g., United States v. Woods*, 216 Fed. App'x 931, 938 (11th Cir. 2007). Because King's double jeopardy claim lacks merit, he also cannot prevail on his claim that his counsel was ineffective for failing to raise this issue. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (counsel cannot be ineffective for failing to raise a meritless issue). The merits of King's sentencing-error claim are discussed in Part II.B of this Recommendation.

5

§ 2255 motion, a federal district court could reopen and reduce a federal prisoner's sentence once he had, in state court, successfully attacked a predicate state court conviction that was previously relied upon to enhance his federal sentence. *Walker*, 198 F.3d at 813. In so holding, the Eleventh Circuit recognized that § 2255 provides federal prisoners an avenue of collateral relief where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* at 813 n.5, citing 28 U.S.C. § 2255(a).

King's case is distinguishable from the situation in *Walker*. In *Walker*, the subsequently vacated state court conviction had been previously used to enhance Walker's sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the application of which increased the statutory minimum sentence for Walker's conviction for possessing a firearm after being convicted of a felony, 18 U.S.C. § 922(g), to fifteen years in prison. *See* 18 U.S.C. § 924(e) (mandating a sentence for a thrice convicted felon-in-possession of not less than fifteen years and up to life in prison). Without application of the ACCA, Walker's maximum possible sentence was not more than ten years. *See* 18 U.S.C. § 924(a)(1). Thus, Walker argued that enhancement of his sentence under the ACCA using his vacated state court conviction resulted in his receiving a sentence "in excess of the maximum authorized by law."[4] See 28 U.S.C. § 2255(a). Although King's sentencing

---

[4] 1999 WL 33613789, Appellate Brief of Appellee, pp. 10-11, in *Walker*, 198 F.3d 811.

guidelines calculation for his federal bank fraud convictions was based in part on consideration of his subsequently reduced 1997 state felony conviction (3 criminal history points were assessed for the felony offense),[5] treatment of the 1997 conviction as a felony had no effect on the *statutory* sentencing range for King's bank fraud convictions.[6] Therefore, even assuming that King's 1997 conviction should be treated, *nunc pro tunc*, as a misdemeanor, treatment of that conviction as a felony in his sentencing guidelines calculation did not result in a sentence "in excess of the maximum authorized by law" – the concern in *Walker*. As such, any sentencing "error" in King's case was, at most, a guidelines application error (and it can only be deemed an error in hindsight).

The Eleventh Circuit has stated that a "claim that a sentencing guidelines provision was misapplied ... is not a constitutional claim. If it were, every guidelines error would be a constitutional error." *Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011) (en banc). *See also Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *Burke v. United States*, 152 F.3d 1329, 1331–32 (11th Cir. 1998). In addition, the Eleventh Circuit has made clear that an error in application of the sentencing guidelines does not constitute a "fundamental miscarriage of justice" and may not constitute a basis for a claim of "actual innocence." *Gilbert*, 640 F.3d at 1306; *McKay v. United States*, 657 F.3d 1190, 1200 (11th Cir. 2011); *Bido v. United States,* 438 Fed. App'x 746, 748 (11th Cir. 2011); *Orso v. United*

---

[5] *See* Presentence Investigation Report at 10, ¶ 27.

[6] There is no statutory minimum sentence for federal bank fraud; the statutory maximum sentence is 30 years. *See* 18 U.S.C. § 1344).

7

*States*, 452 Fed. App'x 912, 914–15 (11th Cir. 2012). Errors in application of the sentencing guidelines are subject to procedural default as long as the sentence imposed does not exceed the statutory maximum sentence that would have been applied absent the error. *Gilbert*, 640 F.3d at 1306. As noted, treatment of the King's 1997 state conviction as a felony did not alter the statutory maximum sentence for his bank fraud convictions. Consequently, § 2255 does not provide King with a vehicle to reopen his federal sentence to have his sentencing guidelines recalculated.

Furthermore, treatment of the 1997 state conviction as a felony and not a misdemeanor did not affect King's guideline sentence range. King's presentence investigation report ("PSI") reflects that he had a total of 23 criminal history points. *See* PSI at 11, ¶ 33. Three of those points were because the 1997 conviction was considered as a felony. *Id*. at 10, ¶ 27; *see* U.S.S.G. § 4A1.1(a). If that conviction had been treated, instead, as a misdemeanor, King would have had a total of 21 criminal history points. *See* U.S.S.G. § 4A1.1(b). If the conviction had not even been considered at all, King would have had a total of 20 criminal history points. Under the Sentencing Guidelines, the Criminal History Category for *every* defendant with 13 or more criminal history points is VI, the maximum Criminal History Category. *See* Sentencing Table, U.S.S.G. Chapter 5, part A. Consequently, whatever the fate of King's 1997 state conviction, his Criminal History Category would remain the same – Category VI – and his guideline sentence range would likewise remain unchanged. Thus, even if § 2255 provided a way for King to seek

8

recalculation of his sentencing guidelines (and it does not), he would not be entitled to any relief, because the recalculation would result in a guideline range no different from the guideline range applied at his 2005 sentencing.

### C.  Remaining Claim

King also claims he should receive credit against his federal sentence for time he served on the 1997 state sentence that was reduced from a felony to a misdemeanor in March 2011.  *See, e.g.*, Doc. Nos. 9, 15, 17, 24 & 26.  This claim is more properly raised in a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  Furthermore, time served on a voided or invalid state sentence cannot be counted as time served toward an unrelated federal sentence.  *See Meagher v. Clark*, 943 F.2d 1277, 12884 (11th Cir. 1991); *Pinaud v. James*, 851 F. 2d 27, 30 (2d Cir. 1988); *Headspeth v. Conley*, 126 F.Supp.2d 1004, 1005 (S.D. W.Va. 2001).  King's 1997 state sentence is unrelated to his 2005 federal sentence for bank fraud.  Therefore, King is not entitled to any credit against his federal sentence for time he served on his state sentence.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by King be denied, as it filed after expiration of the one-year limitation period in 28 U.S.C. § 2255(f) and the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or


before **April 17, 2013.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 3rd day of April, 2013.

                                         /s/Charles S. Coody  
                                       CHARLES S. COODY  
                                       UNITED STATES MAGISTRATE JUDGE